**Alexander J. Taylor, Esq.**
**Sulaiman Law Group, Ltd.**
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Janelle M. Gephart,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TD Bank, N.A., and TransUnion, LLC,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681***;*<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES**, Janelle M. Gephart ("Plaintiff"), by and through undersigned counsel, complaining of the Defendants, TD Bank, N.A., ("TD Bank"), and TransUnion, LLC ("TransUnion") (collectively, "Defendants"), as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 and violations of the Bankruptcy Discharge Injunction ("Discharge Injunction") under 11 U.S.C. §524.

1

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the District of Arizona. Defendants conduct business in the District of Arizona and all of the events or omissions giving rise to the claims occurred within the District of Arizona.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in Chandler, Arizona

5. Defendant TD Bank is a national banking institution with its principal place of business located at 1701 Route 70 East Cherry Hill, New Jersey 08003. TD Bank is engaged in the business of collecting or attempting to collect, directly or indirectly, loans owed or due or asserted to be owed or due to others using the mail, credit reporting, and telephone, including consumers in the State of Arizona. TD Bank is a furnisher of information to the major credit reporting agencies, including TransUnion.

6. Defendant TransUnion is a Delaware limited liability corporation with its principal place of business located in Chicago, Illinois. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Arizona.

## BANKRUPTCY CASE

7. In September 2013, Plaintiff applied and opened a Target department store credit card serviced by TD Bank ("subject debt").

8. On December 17, 2015, Plaintiff and her spouse filed a Joint Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 15-42604 ("bankruptcy").

9. Schedule D of the bankruptcy petition listed a secured pre-petition debt to TD Bank.

10. Because Plaintiff listed TD Bank as creditor, the Bankruptcy Noticing Center ("BNC") served each with a notice of Plaintiff's bankruptcy filing and Plaintiff's Chapter 13 Plan.

11. Plaintiff fully performed her duties as required by the Chapter 13 bankruptcy.

12. On May 27, 2021, the Bankruptcy Court entered a Discharge Order in Plaintiff's bankruptcy case discharging all dischargeable debts, including the subject debt.

13. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject debt by TD Bank, or any other party.

14. Plaintiff's personal liability on the subject debt was extinguished via her bankruptcy discharge, thus terminating the business relationship with TD Bank, and any of its successors and assigns.

## CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTES TO TRANSUNION

15. Prior to February 2022, Plaintiff pulled her credit reports to make sure TD Bank was reporting accurate and complete information in her credit file. Plaintiff discovered that TransUnion, and TD Bank were reporting the subject debt inaccurately.

16. Specifically, TransUnion was reporting the subject debt as an open collection account with the remarks "collection/charge-off" and "Bankruptcy Dismissed."

17. The reporting of the subject debt was inaccurate, incomplete and materially misleading because the subject debt was discharged in Plaintiff's bankruptcy on May 27, 2021.

    a. **Plaintiff's Dispute Letter TransUnion**

18. On February 25, 2022, Plaintiff sent a detailed credit dispute letter to TransUnion requesting them to accurately report the subject debt.

19. Among other things, Plaintiff's dispute letter to TransUnion stated the following:

> "TD Bank USA/Target Credit Card (Account No. 451294785) – This account was included and paid through my case. This should NOT be reporting as a collection account. Additionally, the comments "collection/charge off" and "bankruptcy dismissed" is incorrect and needs to be corrected. Please remove this account from collection as it was discharged through my case."

20. Plaintiff sent her dispute letter to TransUnion via certified mail, return-receipt requested.

21. Upon information and belief, TD Bank received notice of Plaintiff's dispute letter and all enclosed supporting documents from TransUnion within five days of TransUnion receiving Plaintiff's dispute letter. *See* 15 U.S. Code §1681i(a)(2).

4

**b. TransUnion's Failure to Correct Inaccurate Reporting**

22. On March 30, 2022, TransUnion responded to Plaintiff's detailed dispute letter by failing to properly investigate Plaintiff's dispute and continued to report the subject debt as an open collection account with the remarks "collection/charge off" and "bankruptcy dismissed." TransUnion responded by stating that it suspected that Plaintiff did not submit the disputes herself and refused to investigate Plaintiff's dispute any further.

23. Despite receiving Plaintiff's dispute letter, TransUnion continued to report the subject debt as an open collection account with the remarks "collection/charge off" and "bankruptcy dismissed." with no indication that Plaintiff's liability was severed through her bankruptcy discharge.

24. The reporting of the TD Bank trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff is delinquent, and that the subject debt is a "collection/charge off" and "bankruptcy dismissed." Plaintiff is no longer personally liable on the subject debt by virtue of her bankruptcy discharge on May 27, 2021.

**IMPACT OF CONTINUING
INACCURATE REPORTING ON PLAINTIFF'S CREDIT FILES**

25. Defendants erroneous reporting of the TD Bank account painted a false and damaging image of Plaintiff.

26. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her

creditworthiness, credit standing, credit capacity, and her ability to move forward after her bankruptcy discharge.

27. The inaccurate and incomplete reporting of the subject loan continues to have significant adverse effects on Plaintiff's credit rating and her ability to obtain financing because it creates a false impression that Plaintiff is in default on the subject loan and is still obligated to pay on the subject loan, rendering Plaintiff a high-risk consumer and damaging her creditworthiness.

28. In order to remedy the continued inaccurate and incomplete reporting of the subject loan and to validate the accuracy of Defendants' credit reporting, Plaintiff purchased 3-Bureau Credit Report, incurring an out-of-pocket costs.

29. Plaintiff suffered monetary damages she otherwise would not have incurred had Defendants ceased or corrected the inaccurate and incomplete reporting of the subject loan after Plaintiff's disputes.

30. As a result of the conduct, actions, and inaction of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out-of-pocket expenses, the loss of credit opportunity, time and money expended meeting with her attorneys, tracking the status of her disputes, monitoring her credit file, and mental and emotional pain and suffering.

31. Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting of the TD Bank trade line.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

(AGAINST TD BANK)

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

34. Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

35. TD Bank is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

36. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

37. TD Bank violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from TransUnion, and Plaintiff.

38. TD Bank violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by TransUnion, and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

39. Had TD Bank reviewed the information provided by TransUnion, and Plaintiff, it would have corrected the inaccurate designation of the subject loan, transmitting the correct information to TransUnion. Instead, TD Bank wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

40. TD Bank violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the complete results of the investigation or reinvestigation of Plaintiff's disputes with TransUnion.

41. TD Bank violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to TransUnion after being put on notice and

discovering inaccurate, incomplete, and misleading reporting with respect to the subject loan.

42. TD Bank violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information from appearing and reappearing on Plaintiff's credit files.

43. TD Bank failed to conduct a reasonable investigation of its reporting of the subject loan, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit files within 30 days of receiving notice of Plaintiff's disputes from TransUnion under 15 U.S.C. §1681i(a)(1).

44. Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, TD Bank did not correct the errors or the trade line to report accurately and completely. Instead, TD Bank wrongfully furnished and re-reported the inaccurate, incomplete, and misleading information after Plaintiff's disputes to one or more third parties.

45. Moreover, TD Bank failed to report the subject loan as discharged in bankruptcy on the TransUnion credit report.

46. A reasonable investigation by TD Bank would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information continues to be reported in Plaintiff's credit files.

47. Had TD Bank taken steps to investigate Plaintiff's valid disputes or TransUnion's requests for investigation, it would have permanently corrected the erroneous, incomplete, and materially misleading credit reporting. Plaintiff provided all relevant information to

support her valid disputes in her requests for investigation. Furthermore, Plaintiff's bankruptcy information is public record that is widely available and easily accessible.

48. By deviating from the standards established by the mortgage servicing industry and the FCRA, TD Bank acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to TransUnion.

**WHEREFORE,** Plaintiff, JANELLE GEPHART, respectfully pray this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that TD Bank immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TRANSUNION)

49. Plaintiff restates and realleges paragraphs 1 through 48 as though fully set forth herein.

9

50. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

51. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

52. At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

53. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

54. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

55. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

56. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

57. Plaintiff provided TransUnion with all relevant information and documentation in her request for investigation and reinvestigation to reflect her bankruptcy discharge and that she is no longer personally liable for the subject loan.

58. TransUnion prepared Plaintiff's credit reports containing inaccurate, incomplete, and materially misleading information by failing to report that the subject debt was

discharged through Plaintiff's bankruptcy and Plaintiff was no longer personally liable for the subject loan.

59. TransUnion prepared an incomplete consumer report of Plaintiff by failing to completely and accurately notate that Plaintiff is disputing the reporting of the subject loan in violation of 15 U.S.C. §1681c(f).

60. Moreover, TransUnion failed to report the TD Bank trade line as discharged in bankruptcy.

61. A simple review of the relevant documents submitted by Plaintiff would have confirmed that Plaintiff had filed bankruptcy and received a discharge.

62. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

63. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

64. Had TransUnion taken any steps to investigate Plaintiff's valid dispute, it would have determined that the subject loan and other debts were discharged in Plaintiff's bankruptcy on May 27, 2021.

65. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to TD Bank. Upon information and belief, TransUnion also failed to

include all relevant information as part of the notice to TD Bank regarding Plaintiff's dispute that TransUnion received from Plaintiff.

66. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff regarding the subject loan.

67. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

68. After Plaintiff's written detailed dispute, TransUnion had specific information related to Plaintiff's bankruptcy case, and subsequent discharge order, which included the subject loan.

69. TransUnion knew that the inaccurate reporting of the subject loan in Plaintiff's credit files under the TD Bank trade line as delinquent, after her bankruptcy discharge, would have a significant adverse effect on Plaintiff's credit worthiness and ability to receive a "fresh start" after completing her bankruptcy.

70. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

71. Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold Plaintiff's inaccurate, incomplete, and misleading reports to one or more third parties, thereby misrepresenting facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

72. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

73. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

74. TransUnion's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately and completely.

75. TransUnion acted reprehensively and carelessly by failing to report and continuously re-reporting the subject loan without any disclosure that the subject loan discharged in bankruptcy.

76. TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

77. As stated above, Plaintiff was severely harmed by TransUnion's conduct.

**WHEREFORE**, Plaintiff, JANELLE GEPHART, respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: September 28, 2022　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　<u>/s/ Alexander J. Taylor</u>

　　　　　　　　　　　　　　　　　　　　　　　　Alexander J. Taylor, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*
　　　　　　　　　　　　　　　　　　　　　　　　Sulaiman Law Group, Ltd.
　　　　　　　　　　　　　　　　　　　　　　　　2500 South Highland Avenue
　　　　　　　　　　　　　　　　　　　　　　　　Suite 200
　　　　　　　　　　　　　　　　　　　　　　　　Lombard, Illinois 60148
　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (630) 575-8181
　　　　　　　　　　　　　　　　　　　　　　　　ataylor@sulaimanlaw.com