James Acosta (035876)
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
Telephone: (214) 560-5455
Facsimile:  (214) 871-2111
jacosta@qslwm.com
*Counsel for Trans Union LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janelle M. Gephart,<br><br>    Plaintiff,<br><br>v.<br><br>TD Bank, N.A. and TransUnion, LLC,<br><br>    Defendants. | Case No. 2:22-cv-01652-SMM<br><br>**DEFENDANT TRANS UNION LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

Trans Union LLC ("Trans Union"), one of the Defendants herein, files its Answer and Defenses to the Complaint ("Complaint") filed by Janelle M. Gephart ("Plaintiff"). The paragraph numbers below correspond to the paragraph numbers contained in the Plaintiff's Complaint to the extent possible.

### NATURE OF THE ACTION

1.  Trans Union admits only that Plaintiff has asserted claims against Defendants alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and violations of the Bankruptcy Discharge Injunction, 11 U.S.C. § 524. Trans Union denies the remaining allegations contained in paragraph 1 of the Complaint.

### JURISDICTION AND VENUE

2.  Trans Union admits that jurisdiction is proper in this Court.

3. Trans Union admits, solely based on the allegations contained in Plaintiff's Complaint, that venue is proper in the District of Arizona. Trans Union admits that it is authorized to conduct business in the State of Arizona. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint and, therefore, denies same.

## PARTIES

4. Trans Union admits that Plaintiff is a natural person and a "consumer" as defined in 15 U.S.C. § 1681a(c) of the FCRA. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies same.

5. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, denies same.

6. Trans Union admits that it is a limited liability company with its principal place of business located in Chicago, Illinois. Trans Union admits that it is a "consumer reporting agency" as defined by the 15 U.S.C. § 1681a(f) of the FCRA, and that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties. Trans Union denies the remaining allegations contained in paragraph 6 of the Complaint.

## BANKRUPTCY CASE

7. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies same.

8. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies same.

9. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies same.

11. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies same.

12. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies same.

13. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies same.

14. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies same.

15. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies same.

16. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies same.

17. Trans Union denies the allegations contained in paragraph 17 of the Complaint.

1    18.   Trans Union admits that it received correspondence from Plaintiff on March 25, 2022, regarding a TD Bank account. Trans Union denies the remaining allegations contained in paragraph 18 of the Complaint.

2    19.   Trans Union admits that it received correspondence from Plaintiff on March 25, 2022, regarding a TD Bank account. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint and, therefore, denies same.

3    20.   Trans Union admits that it received correspondence from Plaintiff on March 25, 2022, regarding a TD Bank account. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint and, therefore, denies same.

4    21.   Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies same.

5    22.   Trans Union admits it responded to Plaintiff's March 25, 2022, correspondence. Trans Union denies the remaining allegations contained in paragraph 22 of the Complaint.

6    23.   Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and, therefore, denies same.

7    24.   Trans Union denies the allegations contained in paragraph 24 of the Complaint.

8    25.   Trans Union denies the allegations contained in paragraph 25 of the Complaint.

9    26.   Trans Union denies the allegations contained in paragraph 26 of the Complaint.

10   27.   Trans Union denies the allegations contained in paragraph 27 of the Complaint.

1  28. Trans Union denies the allegations contained in paragraph 28 of the Complaint.

2  29. Trans Union denies the allegations contained in paragraph 29 of the Complaint.

3  30. Trans Union denies the allegations contained in paragraph 30 of the Complaint.

4  31. Trans Union denies the allegations contained in paragraph 31 of the Complaint.

## COUNT I

32. Trans Union restates and incorporates its responses to paragraphs 1 through 31 above as though fully stated herein.

33. Trans Union admits that Plaintiff is a "consumer" as defined in 15 U.S.C. § 1681a(c) of the FCRA.

34. Trans Union admits that Plaintiff is a "person" as defined in 15 U.S.C. § 1681a(b) of the FCRA.

35. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and, therefore, denies same.

36. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, therefore, denies same.

37. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and, therefore, denies same.

38. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, therefore, denies same.

39. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, therefore, denies same.

40. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, therefore, denies same.

41. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and, therefore, denies same.

42. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, therefore, denies same.

43. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and, therefore, denies same.

44. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and, therefore, denies same.

45. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and, therefore, denies same.

46. Trans Union denies the allegations contained in paragraph 46 of the Complaint.

47. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and, therefore, denies same.

48. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and, therefore, denies same.

Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the prayer paragraph under Count I of the Complaint, including all its subparts, and, therefore, denies same.

## COUNT II

49. Trans Union restates and incorporates its responses to paragraphs 1 through 48 above as though fully stated herein.

50. Trans Union admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA.

51. Trans Union admits that it is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p) of the FCRA.

52. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and, therefore, denies same.

53. Trans Union admits that Plaintiff is a "consumer" as defined in 15 U.S.C. § 1681a(c) of the FCRA.

54. The provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 54 of the Complaint.

55. The provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 55 of the Complaint.

56. The provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 56 of the Complaint.

57. Trans Union denies the allegations contained in paragraph 57 of the Complaint.

1      58. Trans Union denies the allegations contained in paragraph 58 of the Complaint.

3      59. Trans Union denies the allegations contained in paragraph 59 of the Complaint.

5      60. Trans Union denies the allegations contained in paragraph 60 of the Complaint.

7      61. Trans Union denies the allegations contained in paragraph 61 of the Complaint.

9      62. Trans Union denies the allegations contained in paragraph 62 of the Complaint.

11      63. Trans Union denies the allegations contained in paragraph 63 of the Complaint.

13      64. Trans Union denies the allegations contained in paragraph 64 of the Complaint.

15      65. Trans Union denies the allegations contained in paragraph 65 of the Complaint.

17      66. Trans Union denies the allegations contained in paragraph 66 of the Complaint.

19      67. Trans Union denies the allegations contained in paragraph 67 of the Complaint.

21      68. Trans Union denies the allegations contained in paragraph 68 of the Complaint.

23      69. Trans Union denies the allegations contained in paragraph 69 of the Complaint.

25      70. The provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 70 of the Complaint.

27      71. Trans Union denies the allegations contained in paragraph 71 of the Complaint.

72. Trans Union denies the allegations contained in paragraph 72 of the Complaint.

73. Trans Union denies the allegations contained in paragraph 73 of the Complaint.

74. Trans Union denies the allegations contained in paragraph 74 of the Complaint.

75. Trans Union denies the allegations contained in paragraph 75 of the Complaint.

76. Trans Union denies the allegations contained in paragraph 76 of the Complaint.

77. Trans Union denies the allegations contained in paragraph 77 of the Complaint.

Trans Union denies the allegations contained in the prayer paragraph of Count II of the Complaint, including all its subparts.

## PLAINTIFF DEMANDS TRIAL BY JURY

Trans Union admits that Plaintiff demands a trial by jury.

## DEFENSES

78. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

79. Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

80. Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

81. Trans Union at all times acted in compliance with the FCRA.

82. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of Arizona.

83. In the event that a settlement is reached between Plaintiff and any other party, Defendant Trans Union is entitled to any settlement credits permitted by law.

84. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

Respectfully submitted,

*/s/ James Acosta*
James Acosta (035876)
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
6900 Dallas Parkway, Suite 800
Plano, Texas 75024
Telephone: (214) 560-5455
Facsimile: (214) 871-2111
jacosta@qslwm.com
**Counsel for Trans Union LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of December 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alexander J. Taylor<br>ataylor@sulaimanlaw.com<br>Sulaiman Law Group, Ltd.<br>2500 S. Highland Ave., Suite 200<br>Lombard, IL 60148<br>(630) 575-8181<br>(630) 575-8188 Fax<br>**Counsel for Plaintiff** | Jefferson T. Collins<br>jcollins@jshfirm.com<br>Jones, Skelton & Hochuli P.L.C.<br>40 N. Central Avenue, Suite 2700<br>Phoenix, AZ 85004<br>(602) 263-7359<br>(602) 200-7825 Fax<br>**Counsel for TD Bank, N.A.** |

/s/ James Acosta
James Acosta

11