UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

JANELLE M. GEPHART,

    Plaintiff,

vs.

TD BANK USA, N.A.

    Defendant.

Case No. 2:22-cv-01652-SMM

Honorable Judge Stephen M. McNamee

## MOTION TO DISMISS WITH PREJUDICE

**NOW COMES** JANELLE M. GEPHART ("Plaintiff"), by and through her undersigned counsel, and pursuant to Fed. R. Civ. P. 41(a)(2), bringing this Motion to Dismiss her case with prejudice, and in support thereof, states as follows:

1. On February 8, 2023, Plaintiff filed an amended Complaint against TD Bank USA, N.A. ("Defendant") alleging violations of the Fair Credit Reporting Act ("FCRA"). [Dkt. 22].

2. Plaintiff's claims stem from the alleged inaccurate reporting of a debt reported by Defendant that was discharged in Plaintiff's bankruptcy. Specifically, Plaintiff alleged that Defendant violated the FCRA failing to conduct a reasonable investigation into Plaintiff's disputes to Transunion, LLC.

3. On September 21, 2023, Plaintiff and her counsel agreed to dismiss this case with prejudice with each party to bear their own costs and fees. Plaintiff's counsel issued a draft stipulation to Defendant that same day.

4. In response to the drafted stipulation of dismissal, Defendant agreed on the dismissal with prejudice, but did not agree that each party would bear their own costs and fees. Defendant's response was that Defendant does not waive its claim for fees and costs.

1

5. Defendant will not be prejudiced by a dismissal with prejudice with each party to bear their own costs and fees.

6. Accordingly, despite Defendant vexatiously multiplying this proceeding, Plaintiff is seeking dismissal of her case pursuant to Fed. R. Civ. P. 41(a)(2), which states, in pertinent part, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

7. A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion. *See Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). Generally speaking, plaintiffs should be permitted to dismiss their actions freely, unless the defendant would suffer plain legal prejudice. *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987); *see also Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir. 1982). Dismissing a claim with prejudice is a protective measure designed to protect defendants from any prejudice stemming from a dismissal. *Id.*

8. Here, dismissal by court order is warranted because Plaintiff has in good faith attempted to dismiss this case with prejudice without incurring hefty fees. Instead of dragging this litigation out hoping for a nuisance value settlement, Plaintiff has in good faith elected to dismiss her case in its entirety.

9. Moreover, because the instant motion seeks a dismissal of Plaintiff's claims with prejudice, Defendant will suffer no legal prejudice as a result.

10. Lastly, Plaintiff is bringing her Motion to Dismiss in the early stages prior to the dispositive motion deadline, before significant costs and fees have been incurred by either party.

11. Based on the totality of circumstances, dismissal pursuant to Fed. R. Civ. P. 41(a)(2) is appropriate.

12. Plaintiff's counsel has conferred with Defendant's counsel regarding the filing of a joint stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)1(A)(ii) and Defendant's counsel has advised Defendant's counsel that Defendant is only agreeable to a dismissal with prejudice and will not agree to the language that each party shall bear their owns costs and fees. Defendant has further indicated that it has not yet decided whether to proceed with seeking to recover its costs and attorney's fees.

13. Plaintiff refuses to pay Defendant's fees and costs because there is no basis for the request.

**WHEREFORE**, Plaintiff, JANELLE GEPHART, respectfully requests that this Honorable Court dismiss her case with prejudice, with each party to bear their own costs and fees pursuant to Fed. R. Civ. P. 41(a)(2), and for any relief just and appropriate.

Respectfully submitted this 2nd day of October, 2023.

/s/ Alexander James Taylor
Alexander James Taylor, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that I today caused a copy of the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will be sent to all attorneys of record.

/s/ Alexander James Taylor
*Counsel for Plaintiff*
