UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| JANELLE M. GEPHART,<br><br>    Plaintiff,<br><br>vs.<br><br>TD BANK USA, N.A.<br><br>    Defendant. | Case No.  2:22-cv-01652-SMM<br><br>Honorable Judge Stephen M. McNamee |

### NOTICE OF DEPOSITION TO DEFENDANT TD BANK USA, N.A.

To: **TD BANK USA, N.A., c/o Brian Melendez**
Barnes & Thornburg LLP
225 S 6th St. Ste. 2800
Minneapolis, MN 55402-4662
Phone: (612) 367-8734
Email: brian.melendez@btlaw.com

  **PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff, by and through the undersigned counsel, will take the deposition of Defendant TD Bank USA, N.A. ("Defendant"), pursuant to Fed. R. Civ. P 30(b)(6) in the above action to begin on **September 5, 2023, at 10:30 a.m. Central Standard Time**, at Atlas Consumer Law, 2500 South Highland Avenue, Suite 200, Lombard, Illinois 60148 on one end and a place of Defendant's choosing on the other end. The deposition shall be taken via remote means, stenographically, conducted under the supervision of an officer who is authorized to administer an oath, and be video recorded.

  Defendant is hereby notified of its duty, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, to designate one or more officers, directors, agents or other persons who will testify on its behalf and, who possesses sufficient knowledge to testify as to the matters listed below for examination:

# EXHIBIT D

1. In depth discussion regarding the allegations against Defendant as set forth in Plaintiff's complaint.

2. The relationship between Defendant and Plaintiff.

3. Defendant's answer to Plaintiff's complaint.

4. Defendant's affirmative defense(s) as raised in its answer to Plaintiff's complaint.

5. Defendant's responses to Plaintiff's interrogatories.

6. Defendant's response to Plaintiff's requests for production.

7. Defendant's responses to Plaintiff's requests for admission.

8. All documents produced by Defendant in this case.

9. All documents not produced by Defendant in this case.

10. Defendant's systems and procedures relating to sending correspondences to Plaintiff.

11. Communications between TransUnion, LLC. ("TransUnion") and Defendant regarding Plaintiff's credit report disputes.

12. Communications between Transunion and Defendant regarding information included in Plaintiff's credit file.

13. Communications between Equifax Information Services, LLC. ("Equifax") and Defendant regarding Plaintiff's credit report disputes.

14. Communications between Equifax and Defendant regarding information included in Plaintiff's credit file.

15. Credit disputes Defendant received from Plaintiff in the last 4 years.

16. All Automated Universal Dispute Forms ("AUD's") Defendant sent to TransUnion and Equifax regarding Plaintiff in the last 4 years.

17. Defendant's investigation, if any, into Plaintiff's disputes, including:
    a. Who conducted each part of the investigation;
    b. Who was contacted in the course of the investigation;

# EXHIBIT D

     c. What Defendant did to investigate the veracity of Plaintiff's disputes;
     d. What documents Defendant reviewed in preparation of its responses to Plaintiff's disputes;
     e. All entries made by Defendant into its internal system regarding Plaintiff's disputes;
     f. Actions taken by Defendant after it discovered that Plaintiff received a bankruptcy discharge.

18. In depth discussion regarding Defendant's policies and procedures regarding the handling of consumer disputes of information contained in their credit files.

19. Defendant's policies and procedures regarding the handling of accounts discharged in bankruptcy.

20. Defendant's policies and procedures regarding the handling of accounts in an active bankruptcy.

21. Defendant's policies and procedures regarding reporting accounts discharged in bankruptcy to the credit reporting bureaus.

22. Defendant's policies and procedures regarding reporting accounts in an active bankruptcy to the credit bureaus.

23. Defendant's procedures and procedures regarding processing information sent by the Bankruptcy Noticing Center advising Defendant of a consumer bankruptcy.

24. Defendant's policies and procedures regarding reporting accounts in both Chapter 13 and Chapter 7 bankruptcies.

25. Defendant's relationship with the Consumer Data Industry Association ("CDIA").

26. Defendant's policies and procedures regarding reporting accounts in conjunction with CDIA guidelines.

27. Defendant's training process for personnel handling consumer disputes.

28. Defendant's training process for training employees to be compliant with state and federal laws.

# EXHIBIT D

29. Defendant's procedures regarding data it furnishes to account holders and consumer reporting agencies.

30. In depth discussion regarding policies and procedures maintained by Defendant to assure a reasonable investigation upon receiving a credit report dispute from a consumer.

31. In depth discussion on the procedures employed by Defendant to comply with the Fair Credit Reporting Act.

32. Defendant's policies and procedures to assure compliance with 15 U.S.C. §1681b.

33. Defendant's policies and procedures to assure compliance with 15 U.S.C. §1681e.

34. Defendant's policies and procedures to assure compliance with 15 U.S.C. §1681s-2(a) and §1681s-2(b).

35. Defendant's document retention policy, including but not limited to the retention of consumer credit reports produced to consumers in response to a dispute, mortgage statements sent to a consumer, and other correspondence relating to a consumer's debt.

36. Defendant's contractual duties with credit reporting agencies of, including but not limited to Transunion.

37. Defendant's business relationship with Transunion.

38. Defendant's business relationship with Equifax.

39. The costs of conducting an investigation into a consumer's dispute.

40. The time it takes to conduct an investigation into a consumer's dispute.

41. In depth discussion regarding the circumstances and frequency in which Defendant conducts an investigation of consumer credit disputes.

42. Training and evaluation of personnel who specifically handled or processed Plaintiff's disputes, reinvestigations of Plaintiff's disputed information, or responses from furnishers of information Plaintiff's disputed.

# EXHIBIT D

43. The history of and changes to Plaintiff's file, including the changes Defendant has made to the information contained in the file, the dates of such changes and the basis for such changes.

44. Defendant's account history, records, and credit reports relating to Plaintiff.

45. In depth discussion on how and when Defendant reports a "charge off" and/or a "bankruptcy dismissed" in a consumer's credit file.

46. In Depth discussion on Plaintiff's payment history for the last 4 years.

47. Defendant's system(s) for collecting, updating and reporting information reported by the credit reporting agencies.

48. Your net worth for the years 2019-2023.

49. Your annual income for the years 2019-2023.

50. Your annual revenues (sales) for the years 2019-2023.

51. Your annual pre-tax profits for the years 2019-2023.

52. All judgments entered against Defendant in the last 4 years for its violations of the Fair Credit Reporting Act.

53. All jury verdicts rendered against Defendant in the last 4 years for violations of the Fair Credit Reporting Act.

Dated: August 16, 2023

Respectfully submitted,

/s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

# EXHIBIT D

## CERTIFICATE OF SERVICE

The undersigned, Marwan R. Daher, one of the attorneys for Plaintiff, certifies that on August 16, 2023, he caused a copy of the foregoing Notice of Deposition, to be served by electronic mail and U.S. Mail, postage prepaid, on:

**Jefferson T. Collins,**
Bar No. 016428
JONES, SKELTON & HOCHULI, P.L.C.
Suite 2700
40 North Central Avenue
Phoenix, AZ 85004
State Bar No. 016428
Fax 602.200.7825
jcollins@jshfirm.com
Ph. 602.263.1700
**Brian Melendez,**
Minn. License No. 0223633
(admitted pro hac vice)
BARNES & THORNBURG LLP
Suite 2800
225 South Sixth Street
Minneapolis, MN 55402-4662
Ph. 612.367.8734
Fax 612.333.6798
brian.melendez@btlaw.com
*Attorneys for TD BANK USA, N.A*.

/s/ Alexander Taylor

# EXHIBIT D